UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Kevin Joyce,<br><br>                          Plaintiff,<br><br>          -against-<br><br>The City of New York; Aaron Thorn, in his individual capacity; John Does 1 through 6, each in his or her individual capacity,<br><br>                          Defendants | ECF CASE<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>13 Civ. 3022 (GBD) |

## PRELIMINARY STATEMENT

1.      This is an action for money damages brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983 for the Defendants' commissions of acts under color of law in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and the laws of the State of New York.

## JURISDICTION

2.      This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983 and 1988.

3.      Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

## VENUE

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that, *inter alia*, the events giving rise to the claim occurred in the Southern District of New York.

## JURY DEMAND

5.      The Plaintiff demands a trial by jury on each and every one of his claims as pled

herein.

## PARTIES

6.     Plaintiff Kevin Joyce is a resident of New York.  He works as the coordinator of the after school program at the First United Methodist Church of Jamaica in Queens.

7.     Defendant City of New York (the "City") is a municipal corporation within the State of New York.

8.     The New York City Police Department (the "NYPD") is the department of the City responsible for, among other functions, arresting persons for offenses and maintaining custody over such persons prior to their initial appearance in court.  At all times relevant hereto, the NYPD, together with the City, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel.  In addition, at all relevant times, the NYPD, together with the City, was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obeyed the Constitutions and laws of the United States and of the State of New York.

9.     At all relevant times herein, defendants Aaron Thorn and John Does 1 through 6 (the "Individual Defendants"), were employed by the NYPD and were acting in the capacity of agent, servant, and employee of the City.

10.     At all times relevant herein, Aaron Thorn held the rank of police officer and had shield number 17386.

11.     At all times relevant herein, the Individual Defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the City and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties.  The Individual Defendants were acting for and

on behalf of the City at all times relevant herein with the power and authority vested in them as officers, agents and employee of the City and incidental to the lawful pursuit of their duties as officers, employees and agents of the City.

## STATEMENT OF FACTS

12.     On the evening of January 12, 2013, at approximately 10:45 PM, plaintiff Kevin Joyce was sitting in the back seat of a friend's car, an Acura, in the vicinity of 256 West 145th Street in Manhattan when they were pulled over by police officers, Individual Defendants herein, in an unmarked police car.

13.     In the Acura along with Mr. Joyce was the driver and two other passengers.

14.     One of the Individual Defendants approached the Acura on the driver's side while defendant Officer Thorn approached on the passenger side.  The officers directed the occupants out of the Acura one at a time, and directed them to the back of the car where they told to stand with their backs to the car with their legs and arms crossed.

15.     Several other officers, including Individual Defendants herein, were present or arrived on the scene in other police vehicles.

16.     While at the back of the Acura, Mr. Joyce and the others were frisked and asked for identification.  Mr. Joyce handed Officer Thorn his New York State learner permit and his work identification card.

17.     The lamination was missing from Mr. Joyce's learner permit.

18.     Officer Thorn returned the work identification to Mr. Joyce but took the learner permit and passed it around to the other officers, at least one of whom bent or otherwise manipulated it.

19.     Officer Thorn questioned Mr. Joyce about the legitimacy of his permit.  In response,

Mr. Joyce again showed Officer Thorn his work identification, which contained not only Mr. Joyce's picture, but also the same name, address and date of birth that was on his learner permit.

20.     The officers then directed Mr. Joyce and the others back into the Acura.  Once they were reseated, one of the officers stated that there was marijuana in the car.

21.     The occupants of the car denied that there was any marijuana in the car but were told by one of the officers that it was in the center console.

22.     Amid their denials, Officer Thorn told the car's occupants, in substance, that if the marijuana was missing he would arrest everybody.

23.     Officer Thorn then open the center console and pulled what he said was the marijuana in question.

24.     There was no marijuana in the Acura prior to its being stopped by the officers.

25.     On information and belief based thereon, one or more of the Individual Defendants placed that item, whatever it was, into the center console when the occupants of the Acura were standing at the back of the car facing away from it.

26.     Notwithstanding the fact that the officers indicated that there was marijuana in the center console of the Acura, none of the car's occupants was arrested for it.

27.     Mr. Joyce, however, was directed out of the car.  Once outside, he was handcuffed and brought to one of the unmarked police cars and placed in the back seat.  He was driven to the 32nd Precinct.

28.     The police allowed the other occupants of the Acura to leave.

29.     From the precinct, Mr. Joyce was taken to Central Booking where he was eventually brought before a judge and arraigned on a misdemeanor complaint which charged him with Criminal Possession of a Forged Instrument in the Second Degree (New York Penal Law § 170.25) in

connection with his learner permit.

30.    On January 25, 2013, Joyce's case was dismissed on the motion of the New York County District Attorney.

31.    Mr. Joyce's learner permit was his and was not a forgery.

32.    None of Mr. Joyce's actions could have been construed as an intent to defraud deceive or injure another, as required by the statute.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### 42 U.S.C.§ 1983 Against the Individual Defendants

33.    All other paragraphs herein are incorporated by reference as though fully set forth.

34.    The aforementioned acts deprived the plaintiff of his rights, privileges and immunities guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

35.    The acts complained of were carried out by the Individual Defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

36.    The acts complained of were carried out by the Individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City and the NYPD, all under the supervision of ranking officers of said department.

37.    The Individual Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

38.    The Individual Defendants' conduct was the proximate cause of the injuries and damages sustained by the plaintiff.

### SECOND CAUSE OF ACTION
### False Arrest under 42 U.S.C. § 1983
### Against the Individual Defendants

39.     All other paragraphs herein are incorporated by reference as though fully set forth.

40.     By intentionally confining, arresting, imprisoning and detaining plaintiff without probable cause, privilege or consent, the Individual Defendants engaged under color of law in the violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 to be free from unreasonable seizures, false arrest and imprisonment.

WHEREFORE, the plaintiff requests that this Court:

1.      Assume jurisdiction over this matter;

2.      Award compensatory and punitive damages to the plaintiff against the defendants, jointly and severally;

3.      Award plaintiff reasonable costs, disbursements and attorneys fees; and

4.      Grant any other relief the Court deems appropriate.

Dated:  New York, New York
        May 3, 2013

                            Respectfully submitted,

                            Darius Wadia, L.L.C.

                            /s/
                            _____
                            By:  Darius Wadia (Bar number DW8679)
                            Attorney for Plaintiff
                            233 Broadway, Suite 2208
                            New York, New York  10279
                            dwadia@wadialaw.com
                            (212) 233-1212