UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

Kevin Joyce,

                                   Plaintiff,

                   -against-

The City of New York; Aaron Thorn, in his individual
capacity; John Does 1 through 6, each in his or her
individual capacity,

                               Defendants.

------------------------------------------------------------------------ x

**ANSWER**

13 CV 3022 (GBD)

**JURY TRIAL DEMANDED**

        Defendant The City of New York[1], by its attorney Michael A. Cardozo,

Corporation Counsel of the City of New York, for its answer to the complaint, respectfully

alleges, upon information and belief, as follows:

        1. Denies the allegations set forth in paragraph "1" of the complaint, except

admits that plaintiff purports to bring this action as stated therein, and further state that the

allegation concerning "under color of law" is a conclusion of law rather than averment of fact, to

which no response is required.

        2. Denies the allegations set forth in paragraph "2" of the complaint, except

admits that plaintiff purports to bring this action as stated therein.

        3. Denies the allegations set forth in paragraph "3" of the complaint, except

admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein

        4. Denies the allegations set forth in paragraph "4" of the complaint, except

admits that plaintiff purports to base venue as stated therein.

---

[1] Upon information and belief, and a review of the civil docket sheet, defendant Thorn has not been served with process of the complaint.

5.   Paragraph "5" is a demand for a trial by jury to which no response is required.

6.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7.   Denies the allegations set forth in paragraph "7" of the complaint, except admits that the City of New York is a municipal corporation existing under the laws of the State of New York.

8.   Denies the allegations set forth in paragraph "8" of the complaint, except admits that the City of New York maintains a Police Department and respectfully refers the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the defendant City and the New York City Police Department ("NYPD") and the duties and functions of the NYPD.

9.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint, except admits that Aaron Thorn was employed by the City of New York as a police officer on January 12, 2013.

10. Denies the allegations set forth in paragraph "10" of the complaint, except admits that on January 12, 2013, Aaron Thorn was employed by the City of New York as a police officer assigned shield number 17386.

11. Paragraph "11" of the complaint contains conclusions of law rather than any averments of fact, to which no response is required.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint, except admits that on January 12, 2013 at approximately 10:53 p.m., plaintiff was located in a vehicle stopped in front of 256 West 145th Street, New York, New York.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint, except admits that plaintiff provided a purported New York State Learner's Permit.

17. Denies the allegations set forth in paragraph "17" of the complaint, except admits that the lamination was removed from the purported New York State Learner's Permit provided by plaintiff.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25. Denies the allegations set forth in paragraph "25" of the complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint, except admits that plaintiff was arrested and transported to the 32nd Precinct.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint.

31. Denies the allegations set forth in paragraph "31" of the complaint.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. In response to the allegations set forth in paragraph "33" of the complaint, defendant repeats and re-alleges the responses set forth in paragraphs "1" through "32" inclusive of its answer as if fully set forth herein.

34. Denies the allegations set forth in paragraph "34" of the complaint.

35. Denies the allegations set forth in paragraph "35" of the complaint insofar as it sets forth averments of fact; insofar as it sets forth conclusions of law, no response is required.

36. Denies the allegations set forth in paragraph "36" of the complaint insofar as it sets forth averments of fact; insofar as it sets forth conclusions of law, no response is required.

37. Denies the allegations set forth in paragraph "37" of the complaint, and states that the allegation that defendants were acting "under color of law" is a conclusion of law, rather than averment of fact, to which no response is required.

38. Denies the allegations set forth in paragraph "38" of the complaint.

39. In response to the allegations set forth in paragraph "39" of the complaint, defendant repeats and re-alleges the responses set forth in paragraphs "1" through "38" inclusive of its answer as if fully set forth herein.

40. Denies the allegations set forth in paragraph "40" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

41. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

42. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

43. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant City's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City has governmental immunity from liability.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

44. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of others and was not the proximate result of any act of defendant.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

45. There was probable cause for plaintiff's arrest, detention and any prosecution.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

46. There was reasonable suspicion, probable cause and/or exigent circumstances for any stop or search.

## AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE:

47. Punitive damages cannot be awarded against the City of New York.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:

48. To the extent that the complaint can be read to contain any state law claims, plaintiff has failed to comply with New York General Municipal Law §§ 50(e), 50(h), 50(i) and/or 50(k).

**WHEREFORE,** defendant The City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            July 19, 2013

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
*Attorney for Defendant The City of New York*
100 Church Street | Room 3-198
New York, New York 10007
Tel: (212) 356-2370

By: _____
    James Finbar Desmond, Jr. (JD-8941)
    *Assistant Corporation Counsel*
    Special Federal Litigation Division

cc:    BY ECF
       Darius Wadia, L.L.C.
       233 Broadway, Suite 2208
       New York, New York 10279
       *Attorney for Plaintiff*

- 7 -

Index No.  11 CV 7333 (PAE)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Kevin Joyce,

                                            Plaintiff,

                    -against-

The City of New York; Aaron Thorn, in his
individual capacity; John Does 1 through 6, each in
his or her individual capacity,

                                            Defendants.

**ANSWER**

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendant The City of New York*
*100 Church Street*
*New York, N.Y.  10007*
*Of Counsel:  James Finbar Desmond, Jr.*
*Tel:  (212) 356-2370*

*Due and timely service is hereby admitted.*

*New York, N.Y. .............................................. , 2013*

*.......................................................................... Esq.*

*Attorney for ................................................................*